**In the Matter of the Application for REINSTATEMENT OF Kent D. MARSHALL, as an Attorney at Law of the State of Minnesota.**

No. C0–86–271.

Supreme Court of Minnesota.

Aug. 24, 1988.

### ORDER

Pursuant to a stipulation entered into between the respondent, Kent D. Marshall,

and the Director of the office of Lawyers Professional Responsibility, the respondent was indefinitely suspended from the practice of law effective November 16, 1986, by order of this court dated October 27, 1986. Following respondent's petition for reinstatement to the practice of law, the matter was referred to a panel of the Lawyers Professional Responsibility Board. The panel proceeded to hear evidence following which it directed the Director and the respondent to submit a stipulation for discipline subject to certain conditions. Thereafter the respondent and the Director did enter into a stipulation which, in turn, was approved by the panel. The terms of the stipulation and of the panel order approving it recommend to this court that the respondent be reinstated to the practice of law subject to the completion of, and the follow through upon, certain conditions appurtenant to the reinstatement. Based upon the original petition for discipline, the stipulation for discipline, the petition for reinstatement, the answer of the Director to the petition for reinstatement, the stipulation for reinstatement, and the order of the Lawyers Professional Responsibility Board Panel recommending reinstatement,

IT IS NOW ORDERED:

1. That the respondent forthwith is reinstated to the general practice of law.

2. That respondent's reinstatement is subject to all the terms and conditions more specifically set forth in the stipulation between him and the Director including:

(a) *Conditions which have already been met*, to-wit: respondent has furnished proof of timely filing of his 1987 state and federal tax returns and payment of taxes due thereon, that respondent has obtained a supervisor acceptable to the Director's office to monitor respondent's books and records and has reached a supervision agreement with respect to the supervision; and respondent has entered into a payment agreement with the Director's office for the judgment against him for disciplinary costs and disbursements.

(b) *Conditions to continue in futuro:*

(1) The petitioner shall enter into payment plans with state and federal tax authorities to settle past due individual and withholding taxes and provide the Director with a copy of each plan forthwith, or if he has been unable to enter into such a plan, provide the Director with reasons explaining the lack of agreement and with proof of good faith efforts to reach an agreement with the taxing authorities. Respondent shall make payments in accordance with the payment plans and such repayment agreement shall show good faith progress in reducing petitioner's outstanding state and federal tax liabilities.

(2) Any dispute relative to respondent's good faith efforts to reach an agreement on tax payment plans or to pay his outstanding tax liability may be referred to a panel of the Board pursuant to the Stipulation for resolution of any issue respecting respondent's good faith.

(3) Respondent shall make timely reports to the Director's office as per the stipulation concerning his compliance with payment of tax liability.

(4) Respondent shall timely file all state and federal income and withholding tax returns and pay the taxes due thereon as they become due and shall provide the Director's office with tax authorizations sufficient to enable the Director to monitor compliance.

(5) During all times respondent shall remain abstinent from the use of alcohol and other mood-altering chemicals except those prescribed by a licensed medical doctor who has been fully advised of respondent's chemical dependency history before issuing a prescription.

(6) Respondent shall continue to attend weekly meetings of Alcoholics Anonymous and shall submit monthly to the probation department of the Director's Office a record of his attendance on a form approved by the Director's office.

(7) Respondent shall at all times keep trust accounts and office books and records in accordance with the Minne-

sota Rules of Professional Conduct and Amended Opinion 9 of the Lawyers Professional Responsibility Board.

(8) Respondent shall submit his trust account and office books and records to his Lawyers Professional Responsibility Board supervisor on a monthly basis for the first year of his probation and thereafter at such intervals as his supervisor may require, but not less frequently than quarterly. Respondent's supervisor shall file written reports with the Director regarding petitioner's compliance with Rule 1.15, MPRC, and Amended Opinion 9 at least quarterly.

(c) As a result of the respondent's acknowledgment that he is an alcoholic, and that when he is drinking he is not fit and proper to be practicing law, respondent agrees that upon any finding of probable cause to believe that respondent has not remained abstinent by a supreme court referee, respondent may be immediately suspended from the practice of law pending an expedited hearing on his compliance with other provisions of the stipulation.

(d) The Director may, at his initiative, make a spot check of the respondent's trust account and office books and records at any time during the probationary period.

(e) Respondent during the probationary period shall cooperate with the supervisor and with the Director's office in monitoring respondent's compliance with the conditions of probation.

(f) The respondent's probation shall last for a period of four years from the date of this order or unless earlier terminated by order of this court upon petition of the Director.